**Helen Freund GAINES, Respondent,**

v.

**FINANCIAL PLANNING CONSULTANTS, INC., and Gary Clermont, Appellants.**

**No. 62016.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 25, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 23, 1993.

Application to Transfer Denied
Aug. 17, 1993.

---

Gerald A. Rimmel, Thomas W. Wehrle, Kent S. Ghahremani, St. Louis, for appellants.

Lawrence D. Mass, Clayton, for respondent.

STEPHAN, Judge.

Financial Planning Consultants, Inc. ("dealer"), a securities broker and dealer licensed by the Securities and Exchange Commission ("SEC"), and Gary Clermont ("broker"), who is a registered broker licensed by the SEC and an employee of dealer, appeal from the judgment of the trial court confirming an arbitration panel's award of $37,000 in damages in favor of respondent Helen Freund Gaines ("client"). We affirm.

In 1982 broker approached client, a widow, concerning her investment portfolio.

He offered her financial advice designed to generate a strong cash flow to provide income to her from her late husband's estate which had a value of approximately $140,000. A series of investments were made over several years in her behalf.[1] As a result of her broker's advice, client claimed she suffered losses in excess of $50,000.

Broker and dealer were members of the National Association of Securities Dealers (NASD), a self-regulatory organization established pursuant to 15 U.S.C. Section 78o-3. The NASD subscribes to a code of arbitration which allows customers to submit controversies to arbitration. Pursuant to this Code, client filed an arbitration claim on March 2, 1990, against broker and dealer for breach of fiduciary duty for having recommended investments which were unsuitable for her, given her financial condition. The arbitration panel agreed and awarded her $37,000 in damages.

Broker and dealer then applied to the Circuit Court of St. Louis County to change the arbitrators' award pursuant to Section 435.390, RSMo 1986, under Missouri's Uniform Arbitration Act. Broker and dealer asserted that Section 15 of NASD's Code of Arbitration barred client's claim against them. Section 15 of the NASD Code of Arbitration provides as follows:

Time Limitation Upon Submission

Sec. 15. No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

Broker and dealer argue here (as they did before the trial court) that this section is jurisdictional in nature—that is, that the provision defines the disputes that the parties agreed to submit to arbitration. Bro-

ker and dealer assert that this section acts as an absolute bar to arbitration claims brought more than six years after client had purchased several of the investments in question. Broker and dealer conclude that, since three of the four investments on which client's claim was based were purchased before March 1984 (more than six years before client brought her arbitration claim in March 1990), any claims arising from those investments were outside the jurisdiction of the arbitration board, so that the board's award should be vacated.

In response, client states that her claims were properly considered because section 15 of the NASD Code of Arbitration operated as a statute of limitations. Thus, it is a procedural, not a jurisdictional, provision. As such, the failure by broker and dealer to plead this provision affirmatively waives their defense that client's claim, or any part thereof, was barred. In addition, client disputes broker's and dealer's reading of section 15 arguing that the six year limitation period commenced not when the investments were made, but when client discovered the wrongdoing upon which the claim is based.

The trial court specifically found that the parties had entered into an arbitration agreement which included section 15 of the NASD Code of Arbitration. The trial court further found that the six years "eligibility for submission" requirement of the section could have been raised prior to or during the arbitration. The trial court concluded that the time bar limits of the arbitration agreement were within the exclusive province of the arbitrator where not raised prior to arbitration and, accordingly, affirmed the arbitration award in client's favor.

Broker and dealer raise three points on appeal challenging the trial court's decision to confirm the arbitration board's award to client. However, the construction to be given section 15 of the NASD Code of

---

**1.** The relevant investments are: (1) a limited partnership interest in Damson Institutional Energy Investors, L.P., purchased January 25, 1983; (2) Phoenix Leasing Growth Fund–1982, purchased February 4, 1983; (3) a limited part- nership interest in Morgan Energy Partners, L.P., purchased December 7, 1983; and (4) Finalco Income Fund 1–C, purchased September 28, 1984. Client filed her arbitration claim March 2, 1990.

Arbitration by this court crystallizes the essence of their appeal.

No Missouri court has confronted this issue. Our research has unearthed only a handful of other cases, almost all within the jurisdiction of the federal court system.

In *FSC Securities Corp. v. Freel,* 811 F.Supp. 439 (D.Minn.1993), the brokers brought an action seeking to vacate an award in favor of investors. Like appellants here, the brokers in *Freel* asserted that the claims of investors against them were barred by section 15 of the NASD Code of Arbitration because four of the six investments on which the claim was based were made more than six years before the investors had filed their arbitration claim. The brokers asserted section 15 as a bar by way of motion to dismiss before the NASD arbitration staff, renewed their motion after the arbitration panel was appointed and again, at the arbitration hearing. After a two day hearing on the merits of the claim, they reiterated their motion to dismiss.[2] The arbitration panel denied their motion to dismiss and entered an award in favor of investors.

In affirming the award, the court in *Freel* acknowledged the split of authority within the federal circuits. In *Edward D. Jones & Co. v. Sorrells,* 957 F.2d 509 (7th Cir.1992), and in *PaineWebber Inc. v. Farnam,* 870 F.2d 1286 (7th Cir.1989), the Seventh Circuit held that section 15 was an eligibility requirement that must be met in order for a claim to be arbitrable. *Sorrells,* 957 F.2d at 512; *Farnam,* 870 F.2d at 1292. The Third Circuit followed suit in its decision of *PaineWebber Inc. v. Hartmann,* 921 F.2d 507, 513 (3d Cir.1990), which held that section 603 of the New York Stock Exchange's arbitration code, which is identical to section 15 of the NASD Code of Arbitration, acted as a substantive bar to arbitration. More recently, and not mentioned in *Freel,* the Third Circuit expressly held section 15 to be a substantive limit on the claims that the parties

have contracted to submit to arbitration. *PaineWebber Inc. v. Hofmann,* 984 F.2d 1372, 1379 (3d Cir.1993). Broker and dealer in this case rely upon this line of authority to support their position.

*Freel* also recognized that the Fourth Circuit views section 15 of the NASD Code of Arbitration differently. *Freel,* 811 F.Supp. at 439. *Freel* observed that the Fourth Circuit had considered section 15 in *Miller v. Prudential Bache Securities, Inc.,* 884 F.2d 128 (4th Cir.1989), and had concluded that because the interpretation and application of section 15 was an issue for the arbitrators, their resolution of the issue would not be overturned, even if it were erroneous. *Miller,* 884 F.2d at 130.

■ The court in *Freel* agreed with the *Miller* court that section 15 is a procedural provision to be interpreted by the arbitrators rather than a substantive limitation on arbitrability to be interpreted by the court. *Freel,* 811 F.Supp. at 443. The court specifically declined to follow *Sorrells.* 811 F.Supp. at 442. In reaching its decision, the court first noted that the Eighth Circuit is among those that have read time limitations as procedural rather than substantive. *Freel,* 811 F.Supp. at 443 (*citing Automotive, Petroleum and Allied Industries v. Town and Country Ford,* 709 F.2d 509 (8th Cir.1983)). The court then reasoned that the subject matter of disputes arbitrable under the NASD Code is set forth not in section 15, but in section 1, titled "Matters Eligible for Submission." *Freel,* 811 F.Supp. at 444. In contrast, section 15, titled "Time Limitation Upon Submission," sets forth the procedure that must be followed if a claimant is to obtain relief in an arbitrable dispute. *Freel,* 811 F.Supp. at 444. The court stated that its role was limited solely to determining whether the subject-matter of the dispute falls within section 1 of the NASD Code. 811 F.Supp. at 444. The parties did not dispute that, so the court held it was for

---

**2.** Here, broker and dealer concede that they did not raise section 15 of the NASD Code of Arbitration until after the presentation of evidence before the arbitrators and that they did not raise section 15 in either of their answers to client's claim for arbitration. They did, however, raise by oral motion at the close of evidence and before closing argument at the arbitration hearing that section 15 barred client's claim.

the arbitrators to determine if the investors had complied with the six year time limitation of section 15. *Freel,* 811 F.Supp. at 444.

The court also took issue with the brokers' assumption that the six year limitations period commenced on the date of purchase of the security. *Id.* The language of section 15 measures the six year period from "the *occurrence or event* giving rise to the act or dispute, claim or controversy." (Emphasis added.) The *Freel* court described this language as broad, and explained:

> The 'occurrence or event' triggering the claim could be the date of purchase; it could just as plausibly be some other occurrence or event. Requiring courts to determine the point at which the six-year time limitation commenced would not only entangle courts in the merits of arbitrated disputes, but would provide an opportunity for delay and duplication of effort. These are precisely the results that the principle of deference to an arbitrator's procedural determinations was designed to prevent.

*Id.*

We are satisfied that *Freel*'s analysis is sound. Other courts have held that the question whether a demand to arbitrate is time barred is within the exclusive province of the arbitrator. *County of Durham v. Richards & Assoc., Inc.,* 742 F.2d 811, 815 (4th Cir.1984); *O'Neel v. National Ass'n. of Securities Dealers, Inc.,* 667 F.2d 804, 807 (9th Cir.1982); and *ContiCommodity Services Inc. v. Philipp & Lion,* 613 F.2d 1222, 1226 (2d Cir.1980).

 We echo these jurisdictions in holding that the courts are empowered to decide the scope of the parties' agreement to arbitrate; the question whether a demand to arbitrate is time barred is within the exclusive province of the arbitrator. We hold that the arbitrators did not exceed their power in determining that client's claims were not time barred under section 15 of the NASD Code of Arbitration.

The judgment of the trial court confirming the award of arbitration is affirmed.

GARY M. GAERTNER, P.J., and SMITH, J., concur.