**Manalene NETTLETON, et al.,
Plaintiffs–Appellants,**

v.

**EDWARD D. JONES & CO., et al.,
Defendants–Respondents.**

No. 67102.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 20, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 14, 1995.

Application to Transfer Denied
Sept. 19, 1995.

Steven W. Koslovsky, Ziercher & Hocker, Clayton, for appellants.

David M. Harris, Greensfelder, Hemker & Gale, St. Louis, for respondents.

AHRENS, Presiding Judge.

In this action for fraud and breach of fiduciary duty plaintiffs appeal from the trial court's order denying their motion to stay proceedings and compel arbitration pursuant to § 435.440 RSMo 1994. We reverse and remand.

On January 4, 1994, plaintiffs, a group of investors, filed this action against Edward D. Jones & Co. ("EDJ"), Linsco/Private Ledger Corporation ("Linsco"), and their former broker Terry P. Zinser ("Zinser"), arising out of the sale to plaintiffs of certain investment products.[1]

After a limited amount of discovery took place, plaintiffs and Linsco each filed motions to compel arbitration and to stay proceedings. The trial court sustained the motion as to plaintiffs' action against Linsco. No answer was ever filed by defendants EDJ and Zinser. Plaintiffs then proceeded to engage in pretrial discovery including interrogatories and requests for production of documents. Among the documents sought in discovery were copies of customer account agreements and a Form U–4 Uniform Application for Security Industry Registration or Transfer. Plaintiffs allege these documents contained provisions for binding arbitration regarding plaintiffs claims against EDJ and Zinser. Subsequently, on September 6, 1994, plaintiffs filed a motion to compel arbitration and stay the proceedings as to the remaining defendants. The trial court denied the motion. This appeal follows.

Plaintiffs' brief contains a single point relied on. Plaintiffs contend the trial court

---

**1.** Plaintiffs filed several amended petitions, none of which changed the substantive allegations made against defendants.

erred in denying their motion to compel arbitration and stay the proceedings because defendants were required to arbitrate any customer claims against them and plaintiffs did not waive their right to have such claims arbitrated. Defendants concede in their brief, and plaintiffs agree, that the only issue presented by this appeal is whether plaintiffs have waived their right to arbitration. Thus, we need not discuss the existence of an agreement to arbitrate.

 We review a question of waiver de novo. *Stifel, Nicolaus & Co. Inc., v. Freeman,* 924 F.2d 157, 158 (8th Cir.1991). A party waives its right to arbitrate if it: (1) had knowledge of the existing right to arbitrate; (2) acted inconsistent with that existing right; and (3) prejudiced the party opposing arbitration by such inconsistent acts. *Id.; Berhorst v. J.L. Mason of Missouri, Inc.,* 764 S.W.2d 659, 662 (Mo.App.1988). There is, however, a strong presumption against any such waiver. *Id.* Any doubts as to whether a party has waived its right to arbitrate must be resolved in favor of arbitration. *McCarney v. Nearing, Staats,* 866 S.W.2d 881, 890 (Mo.App.1993). We find the "prejudice prong" of the waiver test dispositive of this appeal.

 "Prejudice may result from lost evidence, duplication of efforts, use of discovery methods unavailable in arbitration, or litigation of substantial issues going to the merits." *Id.* Defendants offer several bases for a finding of prejudice, each of which lacks merit.

Section 15 of the National Association of Securities Dealers ("NASD") code of arbitration provides:

No dispute, claim, or controversy shall be eligible for submission to arbitration under this Code where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy. This section shall not extend applicable statutes of limitations, nor shall it apply to any case which is directed to arbitration by a court of competent jurisdiction.

 Defendants first contend that by filing this action in the circuit court and later seeking arbitration, plaintiffs have nullified defendants' statute of limitations defense provided by Section 15. However, in order to find prejudice for this reason we would have to interpret and apply Section 15. We decline to do so. In *Gaines v. Financial Planning Consultants,* 857 S.W.2d 430 (Mo. App.1993), this court held that interpretation and application of section 15 was an issue for the arbitrators. *Id.* at 432–33. We noted that the "occurrence or event" which triggers the statute of limitations could be the date of purchase or just as plausibly some other occurrence or event. *Id.* at 433 (*citing FSC Securities Corp. v. Freel,* 811 F.Supp. 439, 444 (D.Minn.1993)). As section 15 is a procedural provision to be interpreted by the arbitrators rather than a substantive limitation on arbitrability to be interpreted by the court, *see id.* at 432 (citing *Freel,* 811 F.Supp. at 443), we conclude section 15 does not support defendants' claim of prejudice.

 Defendants' next contention is that plaintiffs' use of discovery and defendants' expenses incurred in response to discovery requests and pleadings have resulted in prejudice to defendants. While a failure to assert a prelitigation demand for arbitration may result in prejudice to the other party, delay in seeking to compel arbitration does not itself constitute prejudice. *Stifel,* 924 F.2d at 159.

 In support of their argument, defendants suggest plaintiffs propounded numerous interrogatories to defendants EDJ and Zinser and such discovery methods are unavailable in arbitration. Nothing in the record indicates that such is the case. While plaintiffs do not appear to contest this issue, the burden to establish prejudice falls on the party seeking the waiver. *Adams v. Merrill Lynch Pierce Fenner & Smith,* 888 F.2d 696, 701 (10th Cir.1989). We have reviewed the record and find the discovery was not substantial and the fruits of such discovery will be usable in arbitration. *See Stifel,* 924 F.2d at 159. We further note the expenses defendants have incurred are not unreasonable in light of the limited pretrial litigation which has occurred.

We hold defendants were not prejudiced by plaintiffs' actions. As such, the judgment

of the trial court is reversed and the cause is remanded with instructions to stay the proceedings and order the parties to proceed to arbitration.

SIMON, and KAROHL, JJ., concur.