CONSOLIDATED FINANCIAL INVEST-
MENTS, INC. and Alan Stiffelman,
Plaintiffs/Appellants,

v.

Glenn E. MANION, et al.,
Defendants/Respondents.

No. 70621.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 27, 1997.

William B. Langenbacher, Clayton, for plaintiffs/appellants.

Stuart R. Berkowitz, Platke and Berkowitz, L.L.P., St. Louis, for defendants/respondents.

GRIMM, Judge.

This dispute concerns alleged violations of federal securities laws. Plaintiff Consolidated Financial Investments is a broker-dealer in securities; plaintiff Alan Stiffelman is its president. The defendants are individuals who purchased securities through plaintiffs and suffered losses.

Defendants filed for arbitration. Thereafter, plaintiffs filed this action seeking a declaratory judgment that the claims were barred by both contractual limitations and statutes of limitations. In response, defendants filed a Motion to Compel Arbitration or in the Alternative to Dismiss. The trial court entered judgment dismissing plaintiffs' petition. Plaintiffs appeal. We affirm.

Under the applicable standard of review, a motion to dismiss assumes that all of plaintiffs' averments are true. In addition, we grant plaintiffs all reasonable inferences therefrom. *Duggan v. Pulitzer Pub. Co.*, 913 S.W.2d 807, 809–10 (Mo.App. E.D.1995). Therefore, we set forth the facts as alleged in the petition.

## I. Background

Defendants utilized Gary Hamby and International Market Strategies, Inc. to manage defendants' investments. Hamby and IMS opened accounts for defendants with Consolidated, and defendants thereafter suffered losses.

Defendants asserted claims against plaintiffs and initiated arbitration proceedings.

Four cases involving defendants were consolidated before the National Association of Securities Dealers, Inc. In these cases, defendants made numerous claims, including violations of the Securities Exchange Act of 1934, fraud, deceit, churning, negligence, and negligent misrepresentation.

Defendants last traded with plaintiffs on October 21, 1991. They filed their Statements of Claim with the National Association of Securities Dealers between January 11, 1995 and September 11, 1995. According to the petition, the Securities Exchange Act bars certain claims if not brought within three years. Plaintiffs claim that defendants' other claims are barred by a contractual one-year limitation period.

Plaintiffs were disclosed agents and third-party beneficiaries of the Customer Agreements defendants signed. The one-year contractual limitation period and the statute of limitations were pled in plaintiffs' answer to defendants' arbitration claims.

Pursuant to the Customer Agreements, the parties agreed that the law of New York governs. The petition's prayer asks the trial court to declare that (1) defendants' arbitration claims are barred by the one-year contractual limitation, (2) other claims are barred by "applicable federal statutes of limitations," and (3) defendants be permanently enjoined from proceeding with their arbitration claims and to order that the claims be dismissed.

■ In their motion to dismiss, defendants set out four reasons. One of the reasons was that the petition failed to state a cause of action. When a trial court does not specify the reason for its decision, we presume the trial court acted for one of the reasons stated in defendants' motion. *W.B. v. M.G.R.*, 905 S.W.2d 134, 136 (Mo.App. E.D.1995).

## II. Failure to State Cause of Action

■ In their sole point, plaintiffs allege the trial court erred in dismissing the petition. They contend the "petition states a claim upon which relief may be granted for judicial consideration of plaintiffs' limitations defenses under the applicable New York Law."

The choice of law clause in the Customer Agreements states: "Except as provided in Section 10, this Customer Agreement shall be governed by and construed in accordance with the laws of the State of New York." Section 10 of the Customer Agreement states that transactions under the Customer Agreement are subject to (1) the constitution, by-laws, rules, regulations, customs and usages of the exchange, market, and clearing house where transactions are executed, (2) "applicable federal, state and local laws, rules and regulations," and (3) the constitution, by-laws, rules and regulations of any securities self-regulatory authority to which the broker is subject.

Plaintiffs acknowledge that they agreed to arbitrate. However, they contend they did not agree to arbitrate the issue of whether defendants' claims were barred by time limitations. Further, plaintiffs contend that under New York law, the application of time limitations is a question for the court, rather than for the arbitrators. Thus, they conclude, the trial court erred in granting defendants' motion to dismiss on the basis that the petition did not state a cause of action.

■ We recognize that generally parties may choose the state whose law will govern the interpretation of their contractual rights and duties. *Tri–County Retreading, Inc. v. Bandag Inc.*, 851 S.W.2d 780, 784 (Mo.App. E.D.1993). So long as the application of this law is not contrary to a fundamental policy of Missouri, we will honor the parties' choice of law provision. *Id.*

■ However, this choice of law applies only to substantive law. Procedural questions are determined by the state law where the action is brought. Thus, insofar as procedural questions are raised, Missouri law applies. *See Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 62–65, 115 S.Ct. 1212, 1219, 131 L.Ed.2d 76, 88 (1995); *Greene v. Morse*, 375 S.W.2d 411, 414, 418 (Mo.App. S.D.1964); *Evergreen Nat. Corp. v. Killian Const. Co.*, 876 S.W.2d 633, 635 (Mo. App.W.D.1994); *Gambar Enterprises, Inc. v. Kelly Services, Inc.*, 69 A.D.2d 297, 418 N.Y.S.2d 818, 822 (4th Dept.1979).

■ Missouri considers statutes of limitations as procedural only and not as substantive law. *State ex rel. Research Med. Center v. Peters*, 631 S.W.2d 938, 946 (Mo.App. W.D. 1982). *See also Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852, 853–54 (Div.1 1943); *Rincon v. Rincon*, 571 S.W.2d 475, 476 (Mo.App. E.D.1978). Thus, because statutes of limitations are procedural, Missouri law rather than New York decisions determine whether courts or arbitrators decide if a demand to arbitrate is time barred.

In *Gaines v. Financial Planning Consultants, Inc.*, 857 S.W.2d 430 (Mo.App. E.D. 1993), a securities broker and dealer appealed a trial court's judgment confirming an arbitration panel's award. The broker and dealer contended that Section 15 of the National Association of Securities Dealers Code barred the plaintiff's claim. *Id.* at 431. That section provides that claims are not eligible for submission to arbitration "where six (6) years have elapsed from the occurrence or event giving rise to the act or dispute, claim, or controversy." *Id.*

This court recognized that other courts have held that "the question whether a demand to arbitrate is time barred is within the exclusive province of the arbitrator." *Id.* at 433. We held the same. *Id. See also Nettleton v. Edward D. Jones & Co.*, 904 S.W.2d 409, 411 (Mo.App. E.D.1995).

Nevertheless, plaintiffs argue that under New York law, the court, rather than the arbitrator, should determine the application of the statute of limitations. They rely extensively on *Smith Barney, etc. v. Luckie*, 85 N.Y.2d 193, 623 N.Y.S.2d 800, 647 N.E.2d 1308 (1995). In *Luckie*, the parties' governing customer agreement contained a choice of law provision. It stated that "[t]his agreement and its enforcement shall be governed by the laws of the State of New York." *Id.* 623 N.Y.S.2d at 803, 647 N.E.2d at 1311.

The *Luckie* court relied heavily on the choice of law provision that said not only the agreement, but also its enforcement, would be determined by New York law. Thus, the court said that "the parties' choice that New York law would govern 'the agreement *and its enforcement*' (emphasis added) indicates their 'intention to arbitrate to the extent

allowed by [this State's] law,' even if application of the State law—and an adverse ruling on a Statute of Limitations claim—would relieve the parties of their responsibility under the contract to arbitrate." *Id.* at 805, 647 N.E.2d at 1313. The court continued, stating that the provision "provides the basis of decision for questions concerning not only the agreement, but more critically, its enforcement. Accordingly, we conclude that under this agreement, the parties agreed to refer questions of timeliness to the courts by incorporating New York law." *Id.*

The *Luckie* court then considered the application of New York's Civil Practice and Rules section 7502(b) to the customer agreement. Section 7502(b) provides that a party may apply to a court to stay arbitration if the claim sought to be arbitrated is barred by a statute of limitations. In such a situation, under New York law, the court, rather than the arbitrator, determines whether the demand to arbitrate is time barred. *Id.* at 805–809, 647 N.E.2d at 1313–1316.

Without diminishing our holding in *Gaines* and its application here, we observe that *Luckie* is not applicable. In *Luckie,* the choice of law provision governed both "the agreement and its enforcement." In the case before us, the choice of law provision does not include "and its enforcement." Rather, it says only that the "Customer Agreement shall be governed by and construed in accordance with the laws of the State of New York." Considering the importance the *Luckie* court placed on the words "and its enforcement" and their absence in the facts before us, *Luckie* does not aid plaintiffs.

*Gaines* controls. Whether a demand to arbitrate is time barred is a decision for an arbitrator, not a court. Point denied.

The trial court's judgment is affirmed.

CRAHAN, P.J., and HOFF, J., concur.