**HEMAR INSURANCE CORPORATION OF AMERICA, Plaintiff/Appellant,**

v.

**Joy B. RYERSON, Defendant/Respondent.**

**No. ED 80903.**

Missouri Court of Appeals, Eastern District, Division Three.

June 3, 2003.

**6.** Cruz's testimony included the following comment:
   Q:  So, I take it you were surprised when he drew a gun?

A:  That's right.

Cynthia Sciuto, Jovita M. Walker, St. Louis, MO, for appellant.

Charles M.M. Shepard, Clayton, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Hemar Insurance Corporation of America ("Assignee") appeals the judgment dismissing its petition to enforce a promissory note on the ground that the statute of limitations had run. We reverse and remand.

On review of the trial court's judgment dismissing a petition, all facts

alleged in the petition are deemed true and the plaintiff is given the benefit of every reasonable intendment. *Magee v. Blue Ridge Professional Building Co. Inc.*, 821 S.W.2d 839, 842 (Mo. banc 1991). When an affirmative defense such as the statute of limitations is asserted in support of a motion to dismiss, the petition may not be dismissed unless it clearly establishes on its face and without exception that it is barred. *Sheehan v. Sheehan*, 901 S.W.2d 57, 59 (Mo. banc 1995).

The petition filed on August 14, 2001, alleges that Assignee is the owner and holder of a promissory note executed and delivered on April 25, 1990, by Patricia Ryerson as borrower and Defendant Joy B. Ryerson ("Defendant") as cosigner in the original principal sum of five thousand dollars ($5,000.00), with an annual percentage rate of prime plus 3½%. A copy of the promissory note is attached to the petition and incorporated therein by reference. Defendant's cosigning the promissory note was a precondition to Norwest Bank of South Dakota ("Lender") agreeing to make the loan. Assignee insured the loan.

Under the terms of the promissory note, in the event Assignee was required to repay the loan to Lender, Assignee would become the owner and holder of the promissory note with all of the rights of Lender to enforce the note against Defendant. Both Defendant and Patricia Ryerson failed and refused to pay the promissory note. Due to Defendant's default, Assignee was required to repay the loan. On March 5, 1996, Lender executed an assignment of the promissory note to Assignee, a copy of which is attached to the petition and incorporated by reference.

By letter dated July 23, 2001, Assignee demanded payment from Defendant of all amounts due and owing under the note. A copy of the demand letter is attached to the petition and incorporated by reference.

Notwithstanding the demand, Defendant has failed to pay Assignee the amounts due under the promissory note. As of August 10, 2001, the total indebtedness due on the promissory note was $10,011.41.

The note itself provides that it is a "Bar Study Loan Promissory Note." It provides for an "Interim Period" and a "Repayment Period." No payments are required during the "Interim Period" but interest accrues during the "Interim Period" and is added to principal. The "Interim Period" began when the loan was disbursed and was to end on the earlier of nine months after Patricia Ryerson graduated from law school at Hamline University or nine months after she ceased to be enrolled in at least half time study at the law school. The "Repayment Period" began on the day after the "Interim Period" and lasted 180 months. Payment was to be made each month. The note contains an acceleration clause in the event any monthly payment was not paid when due. The note further provides that it is governed by the laws of South Dakota.

Defendant filed a motion to dismiss on the ground, *inter alia*, that the claim was barred by the statute of limitations of South Dakota. In South Dakota, the statute of limitations on an "action upon a contract, obligation or liability" is six years. South Dakota Codified Laws section 15–2–3 (2001). Defendant pointed out that, according to the promissory note, payments on the note were to begin nine months after the principal borrower, Patricia Ryerson, graduated from law school at Hamline University. Defendant alleged that Patricia Ryerson did graduate on May 19, 1990, and payments thus became due at the end of the quarter nine months after graduation-*i.e.* the end of March 1991. Defendant claimed that payment was not made in April, 1991. Because suit was filed on August 14, 2001, more than ten

years after what Defendant claimed was the first default, the action was therefore barred by the statute of limitations.

In its opposition to Defendant's motion, Assignee claimed the cause of action could not have accrued until it determined the borrower and Defendant were in default because, as owner of the note it had the right to determine when default occurs. The note specifically authorizes it to grant an extension, waiver of default, renewal or release of the loan at its discretion. According to Assignee, at the very least the cause of action could not have accrued until April 14, 1996, the date it became the owner of the promissory note.[1] Assignee further asserted that Patricia Ryerson made sporadic payments to Assignee from April of 1996 through May of 1999. The significance of these sporadic payments is not explained. In any event, if, as Assignee alleged, the cause of action accrued when it became the owner of the promissory note, suit was filed well within the six-year statute of limitations asserted by Defendants.

When the motion was heard and submitted, the trial court ordered the parties to file a supplemental memorandum or letter on the issue of South Dakota Law on statutes of limitation. In its supplemental memorandum, Assignee took issue with Defendant's claim that she was in default when the obligation to begin making payments occurred in 1991, asserting that Patricia Ryerson actually made the required payments on the promissory note until she defaulted in 1996. According to Assignee, when Patricia Ryerson defaulted, Assignee was required to repay the loan to Lender and it became the owner of the note by reason of Lender's assignment. According

to Assignee, Patricia Ryerson made the required payments on the promissory note from 1991 to 1996 when Lender held her and Defendant in default. Assignee was required to pay the promissory note in full as insurer and became the owner of the promissory note by assignment. Patricia Ryerson made payments to Assignee from April of 1996 to May of 1999. Assignee then declared a default and exercised its right to accelerate payments in May of 1999. Alternatively, if the statute of limitations began to run when the original lender declared the default, then cause of action accrued in 1996. Either way, this action filed in August 2001 was timely filed.

After reviewing the supplemental submissions by the parties, the trial court issued its order and judgment. The trial court held that Assignee had stated a cause of action, had demonstrated its interest in the promissory note and had the right to bring suit on the note in Missouri. As for the statute of limitations defense, the trial court held:

> A cause of action accrues against the maker of a demand instrument on the date of the instrument or the date of the instrument's issue. *Centerre Bank of Kansas City, N.A. v. Distributors, Inc.* 705 S.W.2d 42, 47 (Mo.App.1985). Accordingly, the cause of action in this matter accrued on either April 2, 1990 (the date in which the borrower signed the note), April 6, 1990 (the date in which the co-signer signed the note) or February 19, 1991 (the date in which the co-signer signed the note) or February 19, 1991 (the date in which the first payment was due.)

---

1. Although Assignee alleged it became the owner of the note on April 14, 1996, the actual assignment attached to the petition is dated March 5, 1996. We are unable to reconcile the discrepancy from the materials in the record. In any event the discrepancy is immaterial for the reasons explained *infra*.

Missouri borrows the statute of limitations of the state where the cause of action "originates" or "accrues". *Finnegan v. Squire Publishers, Inc.*, 765 S.W.2d 703, 704–05 (Mo.App.1989). Defendant suggests that she signed the note in the state of South Dakota. Plaintiff maintains that the only address mentioned on the note is in Missouri (purportedly the address of the co-signer).

In South Dakota, the statute of limitations on an "action upon a contract, obligation or liability . . ." is six years (See S.D.C.L. 15–2–13). In Missouri, the statute of limitations on "[a]n action upon any writing, . . . for the payment of money . . ." is ten years. (See R.S.Mo. Section 516.110(1)).

At the very least, giving Plaintiff the benefit of the doubt in all respects, it could only file a claim prior to February 19, 2001. Plaintiff did not file such its petition until August 14, 2001.

(paragraph numbers omitted). Based on these findings, the trial court granted Defendant's motion to dismiss. This appeal followed.

In its sole point of appeal, Assignee claims the trial court erred in granting Defendant's motion to dismiss on the ground that the statute of limitations had run because it misapplied the applicable law in that 1) the trial court improperly relied on case law that addresses when a cause of action accrues against the maker of a demand note and the cause of action at issue was against the maker of a promissory note; 2) the statute of limitations for a suit on a promissory note accrues when an action may first be brought on the promissory note; and 3) Assignee's cause of action accrued in 1996 when the note was assigned and it was required to repay the monies due and owing as insurer.

We agree that the trial court improperly relied on case law that addresses when a cause of action accrues against the maker of a demand note. The promissory note at issue is not a demand note. In its brief, Assignee attempts to draw a distinction between a promissory note and demand note. The attempted distinction is improper because a demand note is a form of promissory note. A note is a "promissory" note if it is "an unconditional promise in writing made by one person to another, signed by a maker, engaging to pay *on demand, or at a fixed or determinable future time*, a sum of certain money, to order or to bearer." *Dillard v. Dillard*, 269 S.W.2d 769, 773 (Mo.App.1954) (emphasis added). A promissory note is a "demand" note if it "(i) states that it is payable on demand or at sight, or otherwise indicates that it is payable at the will of the holder, or (ii) does not state any time of payment." Section 400.3–108 RSMo 2000.

The note Defendant signed does not state that it is payable on demand or at sight or at the will of the holder. Nor does it fail to specify a time of repayment. The promissory note specifies that maker "will make consecutive monthly payments in the amounts and on the payment due dates shown on my monthly statements until [makers] have paid all of the principal and interest and other charges [makers] may owe under the promissory note." Thus, the note in question is an installment note, not a demand note.

In Missouri, a statute of limitations begins to run when the cause of action accrues. *Boyd v. Buchanan*, 176 Mo.App. 56, 162 S.W. 1075 (1914). A cause of action accrues when a right exists to institute a suit for its enforcement. *Id.*; *Nuspl v. Missouri Medical Ins. Co.*, 842 S.W.2d 920, 922 (Mo.App.1992). In an

action on a contract, a cause of action accrues upon a defendant's failure to perform at the time and in the manner contracted, and a statute of limitations begins to run when a suit may be maintained. *Nuspl*, 842 S.W.2d at 922. The time begins to run under a statute of limitations only after the right to prosecute a claim to successful conclusion has accrued. *DePaul Hospital School of Nursing, Inc. v. Southwestern Bell Tel. Co.*, 539 S.W.2d 542, 546 (Mo.App.1976). It does not necessarily begin when the liability is created. *Id.*

■ Assignee maintains that the trial court erroneously held that Assignee could have filed suit on the date Defendant's responsibility to pay on the promissory note was created, which was either the date the promissory note was signed or the date the first payment was due. We agree. Suit could not have been successfully maintained until the borrower and Defendant actually defaulted on the note. Assignee further claims that it could not bring a cause of action until 1) borrower and Defendant actually defaulted; and 2) Assignee was required to pay the monies due under the promissory note as the insurer, and 3) Assignee became the holder of the promissory note.

We agree that Assignee could not have maintained suit before all three conditions stated had accrued but cannot agree that this is when the cause of action accrued. The cause of action accrued when borrower and Defendant defaulted on the promissory note. At that time, Lender had a right to accelerate the payments and bring a successful suit on the note. Upon the assignment to Assignee, Assignee obtained "all the rights of the original lender to enforce this Promissory Note against [maker]." Thus, upon assignment, Assignee obtained the same rights Lender had and was subject to the same statute of limitations as Lender. Because Lender had the right to successfully prosecute an action upon borrower's and Defendant's default, Assignee's cause of action accrued at the same time. To hold otherwise would allow Lender to extend the statute of limitations by assigning the claim to Assignee.

■ The trial court did not rule on the question of whether South Dakota or Missouri's statute of limitation applies. It simply notes that Defendant suggests she signed the note in South Dakota. The petition, however, alleges that "all acts giving rise to this cause of action occurred in Missouri." Although the promissory note contains a provision stating that the "Promissory Note shall be governed by the law of South Dakota," this choice of law provision applies only to substantive law. *Consolidated Financial Investments, Inc. v. Manion*, 948 S.W.2d 222, 224 (Mo. App.1997). Procedural questions are decided by the state law where the action is brought. *Id.* Thus, insofar as procedural questions are raised, Missouri law applies. *Id.* Missouri considers statutes of limitations as procedural only and not as substantive law. *Id.* Because the petition alleges that all acts giving rise to this cause of a action occurred in Missouri, for purposes of deciding whether the action is barred by the statute of limitations on the face of the petition and without exception, we must assume the cause of action accrued in Missouri and that the Missouri statute of limitations applies. *See Sheehan, supra*, 901 S.W.2d at 59. As the trial court correctly recognized, the applicable statute of limitations in Missouri is ten years. Section 516.110(1) RSMo 2000.

The petition simply alleges that Patricia Ryerson and Defendant defaulted on the promissory note. It did not allege when the default occurred, nor was it required to do so. The parties' motions and sugges-

tions do not agree on when the default occurred. However, it is clear that the petition does not, on its face, establish on its face and without exception that it is barred by the statute of limitations. *See id.* Accordingly, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

MARY R. RUSSELL, P.J., and CLIFFORD H. AHRENS, J., concur.