Joy B. RYERSON, Appellant,

v.

HEMAR INSURANCE CORP. OF AMERICA, Respondent.

No. ED 86421.

Missouri Court of Appeals, Eastern District, Division Three.

June 27, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 9, 2006.

Application for Transfer Denied Sept. 26, 2006.

Daniel P. Card II, Jefferson City, MO, for appellant.

Jonathan D. Valentino, St. Louis, MO, for respondent.

BOOKER T. SHAW, Judge.

Joy Ryerson, co-signer of a promissory note ("Co-signor") on behalf of Patricia Ryerson ("Borrower"), appeals the trial court's grant of summary judgment and award of damages in favor of Hemar Insurance Corporation of America ("Assignee") for Co-signer's default on the promissory note. We affirm.

### Facts and Procedural History

This is the second time this case has been before this Court. In *Hemar Ins. Corp. of America v. Ryerson*, 108 S.W.3d 90 (Mo.App. E.D.2003) (*"Hemar I"*), the trial court dismissed Assignee's petition to enforce a promissory note against Co-signer because the statute of limitations had expired. This Court reversed and remanded. We held that the promissory note was not a demand note, and therefore, the trial court incorrectly ruled that Assignee's cause of action accrued either on the date the first payment of the promissory note was due or the date the note was signed. *Id.* at 93. Additionally, we held that Missouri's statute of limitations, Section 516.110, RSMo 2000 [1] applied to the cause of action, not South Dakota's statute of limitations provision.

This Court adopts the facts set forth at length in *Hemar I* and only sets forth the facts necessary for disposition of this appeal. Assignee filed a petition against Co-signer on August 14, 2001, alleging it is the owner and holder of a promissory note executed and delivered on April 25, 1990 by Borrower and Co-signer in the original principal sum of five thousand dollars ($5,000.00), with an annual percentage rate of prime plus 3.5% ("Note"). Co-signer's signature on the Note was a precondition to Norwest Bank of South Dakota ("Lender") making the loan. Assignee insured the loan. Pursuant to the terms of the Note, payment was to be made each month beginning nine months after Borrower graduated from Hamline University. The Note contained an acceleration clause in the event any monthly payment was not paid when due. If the Assignee had to pay Lender due to a default by Co-signer, Assignee assumed all of the rights of Lender to enforce the Note against Co-signer.

On at least two occasions—March 31, 1994 [2] and July 31, 1995—Lender sent

---

1. This statute states that "an action upon any writing, whether sealed or unsealed, for the payment of money or property" shall commence in ten years.

2. The record reveals that Borrower filed for bankruptcy in March, 1994 which under the terms of the note was a default event.

Borrower a default notice stating "we are exercising our option to accelerate the repayment of your loan . . . if you fail to pay this amount . . . [Assignee] will pursue any legal action necessary." Both Co-signer and Borrower failed and refused to pay the Note. Due to Co-signer's default, Assignee was required to repay the loan to Lender. On March 5, 1996, Lender executed an assignment of the Note to Assignee.

By letter dated July 23, 2001, Assignee demanded payment from Co-signer of all amounts due and owing under the Note. Notwithstanding the demand, Co-signer failed to pay Assignee the amounts due under the promissory Note. As of August 10, 2001, the total indebtedness due under the Note was $10,011.41. Assignee filed suit against Co-signer which was the subject of *Hemar I*.

On remand from this Court, the trial court granted Assignee's motion for summary judgment as to Co-signer's liability under the Note and held a hearing on damages. The trial court entered damages against Co-signer in the amount of $6,981.30 as principal, $4,367.66 as prejudgment interest, and $11,204.56 as and for Assignee's attorney's fees.[3] This appeal follows.

### Analysis

"When considering appeals from summary judgments, the Court will review the record in the light most favorable to the party against whom judgment was entered." *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Our review is essentially *de novo*. *Id.* The trial court's ruling will be upheld if no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. Rule 74.04(c).

Co-signer raises three points on appeal. Due to our disposition of the first point, we need not address her remaining points.[4] Co-signer alleges the trial court erred in granting Assignee's summary judgment on the issue of Co-signer's liability because there existed a genuine issue of material fact with respect to Borrower's graduation date from Hamline University. Co-signer argues when the "statute of limitations commences to run must be calculated by using the graduation date from Hamline in conjunction with the date payments, if any, were made."[5] We disagree.

In *Hemar I*, this Court rejected the assertion that the date of Borrower's first installment payment delinquency was the date that the statute of limitations commenced. In *Hemar I*, this Court stated that "suit could not have successfully been maintained until the Borrower and Co-signer actually defaulted on the [N]ote." *Id.* at 95. Assignee could not have maintained suit until "(1) Borrower and Co-

---

3. Assignee filed a motion with this Court seeking an award of attorney's fees for its time spent on this appeal and to increase its award of attorney's fees awarded by the trial court. This motion is denied.

4. Co-signer's remaining points allege the trial court erred in its (i) denial of a motion to continue the damages hearing due to "newly found evidence" of Borrower's graduation date and (ii) preclusion of cross-examination of Assignee's witness regarding Co-signer's liability under the note.

5. Co-signer's argument is similar to the one she raised in *Hemar I*, in that Co-signer argues that Borrower's first payment was due nine months after Borrower graduated from Hamline University. She claims that this first payment was not paid by Borrower or Co-signer and, therefore, this is the date of default in determining when the statute of limitations commences, thereby, making Assignee's suit untimely.

signer defaulted; (2) Assignee was required to pay the monies due under the [N]ote as insurer, and (3) Assignee became the holder of the [N]ote." *Id.* at 95. With that being said, however, once Co-signer defaulted under the Note as to Lender, she also defaulted as to Assignee. *Id.* Thus, the material issue is not, as Co-signer asserts, when the Borrower graduated from Hamline University, but rather when the default on this installment note occurred—thereby commencing the statute of limitations.

We find the date that the statute of limitations commences to run on an installment note is the date the last installment of the note is due. *Estell v. Estate of Iden,* 714 S.W.2d 774, 777 (Mo.App. E.D.1986). In *Sabine v. O.W. Leonard,* 322 S.W.2d 831, 838 (Mo.1959), the Missouri Supreme Court construed Missouri's statute of limitations provision, Section 516.100, RSMo 1949, in relation to an installment note to mean:

> that in suits upon contracts where there is more than one item of damage (installment) the cause of action shall not be deemed to accrue until the last item of damage is sustained (last installment becomes due) so that all damages (installments) may be recovered, and full and complete relief obtained in one action. . . .

Therefore, Borrower's graduation date is not a material fact, and does not warrant reversal of summary judgment.

Here, construing the facts in the light most favorable to Co-signer, Lender declared Borrower in default in March, 1994. At that time, Lender exercised its right to accelerate the payments due under the Note. *See Casper v. Bell's Estate,* 358 Mo. 995, 218 S.W.2d 606, 607–09 (1949) (analyzing acceleration provisions in an installment note as an option of the holder of the note, thereby concluding that such provi-

sions are not self-executing due to a missed installment payment). This acceleration, then, effectively caused the last installment payment due and owing. Thus, the statute of limitations commenced in March, 1994, when the Note was accelerated and declared in default by Lender. Pursuant to Section 516.110, RSMo 2000, Lender had ten years from that date to pursue collection on the Note. Assignee, therefore, assuming the rights of Lender under the Note, timely filed its petition in August, 2001 against Co-signer.

### Conclusion

The trial court did not err by granting summary judgment in favor of Assignee and awarding Assignee damages for Co-signer's liability under the Note.

AFFIRMED.

GLENN A. NORTON, C.J., concurs.

LAWRENCE E. MOONEY J., concurs.