**Dan SEALS, Plaintiff–Respondent,**

v.

**Steve CALLIS, d/b/a Silver Bullet Productions, Defendant– Appellant.**

**No. WD 46406.**

Missouri Court of Appeals, Western District.

Dec. 1, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 22, 1992.

Application to Transfer Denied March 23, 1993.

Bruce H. Beckett, James B. Lowery, Smith, Lewis, Beckett, Powell and Roark, Columbia, for defendant-appellant.

Helen M. Cripps, Oliver, Walker, Carlton and Wilson, Columbia, for plaintiff-respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Dan Seals filed suit against Steve Callis, d/b/a Silver Bullet Productions, to recover the balance due on a contract by which Seals agreed to perform with his band in Columbia. The court entered judgment in favor of Seals for $3,375.00. Callis appeals and contends that a forum selection clause in the contract required that suit be brought in Tennessee. Affirmed.

Callis entered into a contract with Dan Seals for Seals to perform with his band for a Lion's Club Benefit in Columbia on March 27, 1988. The contract contained a forum selection clause that provided that in the event of any controversy or claim arising out of or relating to the agreement, or its breach, any legal proceeding shall be instituted in Davidson County, Tennessee. It is agreed that Seals lives in Nashville, Tennessee which is in Davidson County and that Callis lives in Columbia, Missouri, which is in Boone County.

There is no dispute that Seals and his band traveled to Columbia and were ready to perform but the concert was canceled because of poor ticket sales.

Seals brought suit on the contract in July 1988 in the Circuit Court of Boone County to recover the contract price less the deposit paid. Callis filed an answer in which he raised the defense that the court lacked jurisdiction over the subject matter of the suit for the reason that the contract between the parties provided that all suits arising out of the contact shall be instituted in Davidson County, Tennessee. After a trial the court entered judgment for the balance due on the contract price.

On appeal Callis contends that the court should have enforced the forum selection clause and should have dismissed the action which would force Seals to refile in Tennessee. Although Callis does not explicitly argue on this appeal that the court lacked jurisdiction of the subject matter because of the forum selection clause, he strongly infers that position.

Callis contends that in *High Life Sales Co. v. Brown–Forman Corp.*, 823 S.W.2d 493 (Mo. banc 1992), the court held that

outbound forum selection clauses will be enforced in Missouri unless found to be unfair or unreasonable. Callis contends that Seals had the burden to prove that the forum selection clause was unfair or unreasonable, and having failed to do so, the court was obligated to enforce the clause and dismiss the action.

The defense raised in the answer that the Circuit Court of Boone County lacked jurisdiction over the subject matter of the suit is readily disposed of by reference to *High Life Sales.* There the court stated that forum selection clauses do "not deprive the non-designated state of jurisdiction except to the extent that in its discretion it determines that the enforcement of the clause is neither unfair nor unreasonable." 823 S.W.2d at 496. Thus, there is no question that the trial court had jurisdiction of the subject matter of the suit.

The question which this case presents is whether or not a party can waive the right to enforce a forum selection clause and sue a defendant in his home county. The parties have not cited a case dealing with that issue and this court has failed to locate any such case.

The answer lies in the essential character of a forum selection clause which is to select the venue in which a cause of action is to be tried. It is well-settled that venue may be waived when a party subjects itself to the jurisdiction of the court. *Sullenger v. Cooke Sales & Service Co.,* 646 S.W.2d 85, 88[3] (Mo. banc 1983). In this case there is no question that Seals subjected himself to the jurisdiction of the Circuit Court of Boone County when he filed suit there and when the case was tried there at his insistence. By bringing suit in Missouri, Seals simply waived venue in Tennessee as provided in the forum selection clause which placed venue of any suit on the contract in Tennessee. Certainly Callis has no complaint that Seals waived venue in Tennessee, nor can he complain that Seals undertook the inconvenience and expense of bringing suit in Callis' home county.

Aside from the matter of waiver, Callis has shown no prejudice resulting from suit being filed and tried in his home county.

This court is enjoined by Rule 84.13(b) not to reverse any judgment unless it finds that error was committed against the appellant materially affecting the merits of the action. Callis makes no attempt to demonstrate that any error was committed which materially affected the merits of the action.

The trial court had jurisdiction of the subject matter of the action and the person of Callis. Seals was free to waive his right to rely on the forum selection clause that venue of any action on the contract would be in the State of Tennessee. Further, Callis fails to show any prejudice resulting from this case being tried in his home county in Missouri. The judgment is affirmed.

All concur.