Gaston BOUQUETTE, M.D.,
Plaintiff–Respondent,

v.

Donald M. SUGGS, D.D.S.,
Defendant–Appellant.

No. 68925.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 10, 1996.

Eric Vickers & Associates, P.C., Eric E. Vickers, St. Louis, for defendant–appellant.

Terry L. Kaufman, St. Charles, for plaintiff–respondent.

HOFF, Judge.

This is an appeal from a final judgment overruling Donald M. Suggs' (Dr. Suggs) motion to quash registration of foreign judgment. We affirm.

In March 1984, Dr. Suggs signed a promissory note in which he promised to pay Gaston Bouquette, M.D. (Dr. Bouquette) $5,000 plus interest payable in a lump sum on June 17, 1984. The note also provided:

> It is the understanding of the parties that this is a business loan within the meaning of Chapter 408 of the Missouri Revised Statutes (1978), as amended.... This Note shall be construed and enforced under and in accordance with and shall be governed by the laws of the State of Missouri.

In November 1993, Dr. Bouquette, a resident of Ohio, filed suit in Dayton, Ohio seeking to recover the debt from Dr. Suggs. Dr.

Suggs filed a special entry of appearance and requested a dismissal for lack of jurisdiction and improper venue. The municipal court in Dayton, Ohio entered a default judgment against Dr. Suggs. Thereafter, Dr. Suggs filed a motion to vacate the judgment.

In June 1994, Dr. Bouquette filed a notice to register the foreign judgment. Dr. Suggs filed a motion to quash registration of foreign judgment. In August 1995, the trial court entered an order denying Dr. Suggs' motion to quash registration of the foreign judgment. Dr. Suggs appeals this order.

 This Court will affirm a judgment entered on an order overruling a motion to quash foreign judgment unless there is not substantial evidence to support it, the judgment is against the weight of the evidence, or it erroneously declares or applies the law. *McMinn v. McMinn,* 884 S.W.2d 277, 278 (Mo.App.1994) (quoting *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)).

Missouri state courts must accord full faith and credit to the valid judgments of other states. *In re Storment,* 873 S.W.2d 227, 230 (Mo. banc .1994). A registration of foreign judgment may not be attacked except for: (1) lack of jurisdiction of the subject matter; (2) failure to give due notice; or (3) fraud in the concoction or procurement of the judgment. *Id.*

In his only point of appeal, Dr. Suggs argues the trial court improperly denied his motion to quash registration of the foreign judgment because the Ohio court lacked subject matter jurisdiction when it rendered its judgment. He argues the evidence establishes that the note contained a valid forum selection clause providing that Missouri would be the forum for actions arising on the note. Therefore, he contends the Ohio court lacked subject matter jurisdiction over the matter.

 Dr. Suggs misinterprets the law regarding forum selection clauses. The provision contained within the note is not a forum selection clause. A forum selection clause selects the venue in which a cause of action is to be tried. *Seals v. Callis,* 848 S.W.2d 5, 7 (Mo.App.1992). This clause merely denotes

the parties' choice of law. It does not mandate that Missouri be the forum where the lawsuit must be filed and heard; rather, it mandates that Missouri law be used in construing the contract.

Because the note did not mandate Missouri as its forum, the Ohio court did not lack subject matter jurisdiction on this basis. Therefore, Missouri must give full faith and credit to the Ohio judgment. Accordingly, the Missouri trial court did not err in denying Dr. Suggs' motion to quash registration of foreign judgment in Missouri. Point denied.

Judgment affirmed.

CRAHAN, P.J., and GRIMM, J., concur.