**PEOPLES BANK, Respondent,**

v.

**Aandrea CARTER, Appellant.**

**No. WD 62217.**

Missouri Court of Appeals,
Western District.

April 30, 2004.

Rhonda E. Smiley, Kansas City, MO, for appellant.

Christine L. Schlomann, Kansas City, MO, for respondent.

Before JOSEPH M. ELLIS, Chief Judge, PATRICIA BRECKENRIDGE, Judge and HAROLD L. LOWENSTEIN, Judge.

JOSEPH M. ELLIS, Chief Judge.

This is an appeal of a final judgment on a petition for payment of a promissory note rendered, after a bench trial, by the Associate Division of the Circuit Court of Jackson County, Missouri, in favor of Respondent Peoples Bank ("Bank") and against Appellant Aandrea Carter ("Carter") for the sum of $19,607.24. Carter assigns a single point of trial court error, arguing that the trial court lacked subject-matter jurisdiction to entertain the petition. We affirm the judgment of the trial court.

***Facts and Procedural History***

The facts of this case, which are stated in the light most favorable to the trial court's judgment, are straightforward. Carter, a Jackson County resident, is one of two members of a Missouri limited liability company called Boomerang On Broadway, LLC ("BOB"), whose principal place of business is also located in Jackson County. On March 24, 1999, Carter, Bradley Henrichs (the other member of BOB), and BOB all executed, as joint and severally liable borrowers, a promissory note to Bank in the amount of $12,760.00, which was delivered to Bank, a nationally chartered banking organization whose principal place of business is in Kansas. The note was given in consideration for and to secure an Irrevocable Standby Letter of Credit issued by Bank to Kansas City Power and Light to guarantee payment of electric bills by BOB for property owned by BOB. On August 31, 2000, the entire sum available under the letter of credit ($12,760.00) was drawn on by Kansas City Power and Light to satisfy the unpaid electric bills for the property owned by BOB. To fund the letter of credit, Bank then drew on or activated the promissory note given it by Carter, Henrichs, and BOB. The obligation evidenced by the note has never been paid, even in part, by Carter, Henrichs, or BOB.

On July 9, 2001, Bank filed its Petition on Promissory Note against Carter [1] in the Associate Circuit Court of Jackson County, Missouri (the county of her residence and the location of BOB's principal place of business), seeking damages for Carter's failure to pay the note as required by its terms, and she was personally served with a summons and a copy of the petition on September 12, 2001. Carter failed to an-

1. The evidence at trial was that BOB's sole asset (the Jackson County property itself) was placed into receivership. Henrichs declared bankruptcy under Chapter 7 but was denied discharge on July 30, 2002.

swer or appear, and the trial court entered a default judgment against her on October 2, 2001. Over four months later, Carter filed a motion to have the default judgment set aside, arguing, *inter alia,* that she had a meritorious defense. The trial court set aside the default judgment on March 12, 2002, and Carter filed her answer to Bank's petition on April 29, 2002. On the day trial was originally scheduled to be held, Carter orally requested that the trial court dismiss the case for lack of subject-matter jurisdiction, pointing out that paragraph 17G ("Forum and Venue") of the note provides: "In the event of litigation pertaining to this Note, the exclusive forum, venue, and place of jurisdiction shall be in the State of KANSAS, unless otherwise designated in writing by Bank or otherwise required by law." The trial court denied the motion on July 30, 2002, but continued the trial to allow Carter to seek a writ of prohibition. This court denied Carter's petition for such a writ on September 24, 2002, and the case was tried to the court on November 4, 2002. On November 27, 2002, the trial court entered a final judgment for Bank in the amount of $19,607.24 (the principal sum of $12,760.00 plus interest, costs, and attorney's fees), as provided under the terms of the promissory note. Carter now appeals that judgment.

In her sole point relied on, Carter claims the trial court erred in denying her pretrial motion to dismiss for want of subject-matter jurisdiction and in subsequently entering judgment for Bank on its petition because the trial court lacked the authority to entertain the petition, try the case, and enter judgment against her, in that the note contained an outbound forum selection clause providing that Kansas is the exclusive forum, venue and place of jurisdiction for all litigation pertaining to the note. We disagree, as the trial court had jurisdiction of the subject matter of Bank's suit and Bank was authorized to unilaterally waive the forum selection clause and bring an action on the note against Carter in her home county.

### Standard of Review

■ In general, a trial court's decision on a motion to dismiss for lack for subject-matter jurisdiction is a question of fact left to its sound discretion and "will not be reversed on appeal absent an abuse of that discretion." *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n,* 102 S.W.3d 10, 22 (Mo. banc 2003). However, where, as here, the operative facts on the issue are uncontested, "a question as to the subject-matter jurisdiction of a court is purely a question of law, which is reviewed *de novo.*" *Id.* In addition, when reviewing a court-tried civil case, "[n]o appellate court shall reverse any judgment unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." *Rule 84.13(b).*

### Governing Law

■ At the outset, we observe that the promissory note contains a choice of law provision specifying that Kansas law is to govern.[2] "We recognize that generally parties may choose the state whose law will govern the interpretation of their contractual rights and duties. So long as the application of this law is not contrary to a fundamental policy of Missouri, we will honor the parties' choice of law provision." *Consol. Fin. Invs. v. Manion,* 948 S.W.2d 222, 224 (Mo.App. E.D.1997) (internal cita-

**2.** Paragraph 17F ("Governing Law") of the note states: "This Note shall be governed by the laws of the State of KANSAS, provided that such laws are not otherwise preempted by federal laws and regulations."

tion omitted). "However, this choice of law applies only to substantive law. Procedural questions are determined by the state law where the action is brought. Thus, insofar as procedural questions are raised, Missouri law applies." *Id.; see also Hemar Ins. Corp. of Am. v. Ryerson*, 108 S.W.3d 90, 95 (Mo.App. E.D.2003). "Generally, substantive laws are those that relate to the rights and duties giving rise to a cause of action; procedural laws relate to the machinery for processing the cause of action." *Doe v. Roman Catholic Diocese*, 862 S.W.2d 338, 341 (Mo. banc 1993). Whether a court has subject matter jurisdiction to adjudicate a given controversy is, therefore, a question of procedure antecedent to the right of relief on the particular cause of action pled, rather than a question of substance. *See, e.g., Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002) ("[C]ourts have a duty to determine the question of their jurisdiction before reaching substantive issues[.]") Likewise, as they pertain only to what court may be the proper forum or venue for a particular case, *Bouquette v. Suggs*, 928 S.W.2d 412, 413 (Mo.App. E.D.1996), not to what the law actually governing the underlying cause of action is, forum selection clauses are also procedural, not ˙substantive, in nature. *See, e.g., State ex rel. Peabody Coal Co. v. Powell*, 574 S.W.2d 423, 426 (Mo. banc 1978).

In *Missouri Soybean Association*, our Supreme Court discussed the concept of subject-matter jurisdiction as follows:

A court's authority to adjudicate a controversy is based on three essential elements; the court must have jurisdiction of the subject matter, jurisdiction of the res or the parties, and jurisdiction to render the particular judgment in the particular case. Subject-matter jurisdiction concerns the nature of the cause of action or the relief sought and exists only when the court has the right to proceed to determine the controversy or question in issue between the parties, or grant the relief prayed. In other words, subject-matter jurisdiction is the power to hear and determine cases of the general class to which the proceedings in question belong. A court obtains jurisdiction of the subject matter by operation of law.

102 S.W.3d at 21–22 (internal citations, quotation marks, and ellipses omitted).

### Analysis

In their briefs, the parties present divergent interpretations of the outbound forum selection clause found in paragraph 17G of the note. As noted *supra*, that clause provides: "In the event of litigation pertaining to this Note, the exclusive forum, venue and place of jurisdiction shall be in the State of KANSAS, unless otherwise designated in writing by Bank or otherwise required by law." Although Carter acknowledges that the clause gives Bank the unilateral authority to designate a different (*i.e.*, non-Kansas) forum in writing, she argues that Bank never properly exercised that authority since it did not give her "notice of the change in advance of suit." Accordingly, Carter's argument continues, Bank was required to file its action in a Kansas court as a matter of law, and the trial court should have granted her motion to dismiss for want of subject-matter jurisdiction. On the other hand, Bank contends that since paragraph 17G did not explicitly or implicitly obligate it to inform Carter of its election to proceed in a different forum prior to filing suit on the note, Bank complied with the clause when it served her with a written summons and petition on September 12, 2001, which sufficiently informed Carter of Bank's desire and intent to exercise its prerogative to select and designate Jackson County, Missouri, as its preferred fo-

rum. Bank further argues that even if a separate pre-suit notification *was* required under the terms of paragraph 17G, Carter was in no way prejudiced by Bank's choice of forum inasmuch as her legal obligations under the note would not have been any different if Bank had sent her advance written designation of a different forum before filing suit.

We need not decide, however, whether Bank's action in serving Carter with the summons and petition was effective to designate a different forum in writing under the terms of paragraph 17G, since we can resolve this case by applying *Seals v. Callis*, 848 S.W.2d 5 (Mo.App. W.D.1992), in which this court was confronted with a virtually identical fact pattern. *Seals* involved a contract between plaintiff Dan Seals (a musician who lived in Nashville (Davidson County), Tennessee) and defendant Steve Callis (a concert promoter who resided in Columbia (Boone County), Missouri). *Id.* at 6. It was agreed that Callis would pay Seals and his band a certain sum of money to perform at a benefit concert held in Columbia. *Id.* The contract also contained an outbound forum selection clause specifying that "in the event of any controversy or claim arising out of or relating to the agreement, or its breach, any legal proceeding shall be instituted in Davidson County, Tennessee." *Id.*

Seals and his band made the trip to Columbia and were prepared to play, but Callis canceled the concert due to poor ticket sales. Seals then filed suit against Callis in the Circuit Court of Boone County, Missouri, seeking to recover the contract price less the deposit Callis had previously paid Seals. *Id.* In his answer, Callis defended on the ground that the court lacked jurisdiction over the subject matter of the lawsuit due to the *forum selection clause* contained in the contract.

After a trial, the circuit court entered judgment in favor of Seals for $3,375.00, the unpaid balance due on the contract. *Id.*

On appeal, Callis argued that the trial court erred in not enforcing the forum selection clause and that it should have dismissed the action, forcing Seals to refile in Davidson County, Tennessee. *Id.* This court began its analysis by noting that the subject-matter jurisdiction defense first raised in Callis' answer was "readily disposed of," holding that "there is no question that the trial court had jurisdiction of the subject matter of the suit." *Id.* at 7. This court then proceeded to observe that the real question presented by the case was "whether or not a party can waive the right to enforce a forum selection clause and sue a defendant in his home county." *Id.* After remarking that the parties had not cited and it could not find any reported decisions addressing that particular question, this court stated:

> By bringing suit in Missouri, Seals simply waived venue in Tennessee as provided in the forum selection clause which placed venue of any suit on the contract in Tennessee. Certainly Callis has no complaint that Seals waived venue in Tennessee, nor can he complain that Seals undertook the inconvenience and expense of bringing suit in Callis' home county.
>
> Aside from the matter of waiver, Callis has shown no prejudice resulting from suit being filed and tried in his home county. This court is enjoined by Rule 84.13(b) not to reverse any judgment unless it finds that error was committed against the appellant materially affecting the merits of the action. Callis makes no attempt to demonstrate that any error was committed which materially affected the merits of the action.

The trial court had jurisdiction of the subject matter of the action and the person of Callis. Seals was free to waive his right to rely on the forum selection clause that venue of any action on the contract would be in the State of Tennessee. Further, Callis fails to show any prejudice resulting from this case being tried in his home county in Missouri. The judgment is affirmed.

*Id.*

■ Factually and procedurally, the case *sub judice* is virtually identical to *Seals*. Just as in *Seals*, the Missouri trial court here had jurisdiction of the subject matter of the non-Missouri plaintiff's cause of action.[3] Just as in *Seals*, plaintiff here has opted to forego the benefit of a favorable outbound forum selection clause by waiving it and filing suit against the defendant in her home county in Missouri, rather than invoking it and bringing the action in the plaintiff's home state. Finally, also just as in *Seals*, the defendant here does not complain that the trial court committed any error which materially affected the merits of the action against her and does not allege that any prejudice resulted from the case being tried in her home Missouri county.[4] Indeed, as Bank points out, it could be argued that Carter actually *benefited* from Bank's decision to waive the

forum selection clause since Bank thereby allowed Carter to defend the suit in her home county, rather than forcing her to litigate the issue of her liability on the note in the courts of another state.

*Seals*, therefore, dictates the outcome of this appeal, notwithstanding Carter's protestations, unsupported by any subsequent on-point case authority or persuasive legal reasoning, that it was wrongly decided and "would probably be decided differently today." The judgment of the trial court is affirmed.

All concur.

---

3. *See* § 507.020.1(1), RSMo 2000, which expressly authorizes actions on claims arising "under the law of another state" to be brought in the courts of Missouri by the "person or persons entitled to the proceeds of such claim if he or they are authorized to bring such action by the laws of said other state[,]" as well as *Lessenden v. Mo. Pac. Ry. Co.*, 238 Mo. 247, 142 S.W. 332, 335 (banc 1911) (noting that what is now § 507.020.1 "expressly authorize[s] our courts to entertain jurisdiction of causes of action that have accrued under the laws of another state.") As Carter does not contend on appeal that Bank's petition failed to state a claim on which relief could be granted under the substantive law of Kansas, the trial court had jurisdiction of the subject matter of Bank's

action on the promissory note pursuant to § 507.020.1(1).

4. In her brief, the closest Carter comes to making such an allegation is this: "While Missouri courts are capable of applying the Uniform Commercial Code generally, they are not the best-suited forum for interpreting Kansas' version or its supplemental laws." Inasmuch as Carter does not even challenge the trial court's substantive finding that she was personally liable on the note, but instead argues only the procedural issue of whether it lacked subject-matter jurisdiction to adjudicate Bank's action, we think this contention is disingenuous at best.