HOPE'S WINDOWS, INC., Appellant,

v.

**Kenneth McCLAIN, Respondent.**

**No. WD 75137.**

Missouri Court of Appeals, Western District.

March 19, 2013.

———

Sean Santoro, Bonner Springs, KS, attorney for appellant.

Gregory Leyh, Gladstone, MO, attorney for respondent.

Before Division Two: KAREN KING MITCHELL, Presiding Judge, and THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges.

KAREN KING MITCHELL, Presiding Judge.

Hope's Windows, Inc., appeals the circuit court's order denying Hope's Windows's Petition to Register the New York Judgment and granting Kenneth McClain's Motion to Vacate Petition for Registration of Foreign Judgment. Hope's Windows raises five points on appeal, arguing that the circuit court erred for various reasons in finding that the New York court lacked personal jurisdiction over McClain. We reverse the judgment and remand to the circuit court.

## Factual and Procedural Background [1]

 Hope's Windows is a New York corporation, with its principal place of business in Jamestown, New York. McClain is a resident of Independence, Missouri. In March 2007, McClain entered into a contract with Hope's Windows for the purchase and installation of windows, doors, doorframes, and hardware for his property in Missouri.[2] The contract, signed by McClain and executed in Missouri, contained a choice-of-law and forum-selection clause that provided, in pertinent part:

> Any dispute arising under this agreement shall be under the jurisdiction and governed by the laws of the State of New York. The venue for any litigation under this agreement, if commenced by SELLER or BUYER, shall be in a court of competent jurisdiction in Chautauqua County in the State of New York.

On or about March 26, 2007, McClain mailed a personal check in the amount of $66,195.00 to the office of Hope's Windows in Jamestown, New York, as a down payment for the project. McClain never personally visited New York, and all of the work was performed in Missouri. After a dispute arose between the parties, McClain refused to make any further pay-

1. We defer to the factual findings of the circuit court. In determining whether to register a foreign judgment, "[t]he circuit court can believe or disbelieve any statement in … affidavits [submitted in support of and in opposition to registration], and factual determinations are within the sole discretion of the circuit court." *Peoples Bank v. Frazee*, 318 S.W.3d 121, 128 (Mo. banc 2010).

2. McClain argued below that he did not personally initiate contact with Hope's Windows and that he was not personally involved in the decision to purchase their products; rather, he claims that Hope's Windows was hired by Ed's Renovations, a Missouri company that McClain hired to assist with his renovation project. McClain's affidavit stated that he "was not personally involved in the purchase of any products or services from Hope's Window[s]" and that it was Ed's Renovations and his architect who initiated contact with, and made the decision to buy products from, Hope's Windows. McClain was the only named defendant in the New York lawsuit. The circuit court found that McClain personally signed the contract with, and mailed the down payment to, Hope's Windows. The circuit court made no findings regarding Ed's Renovations. Therefore, for the purposes of this appeal, it is not necessary to address the relationship between Ed's Renovations, McClain, and Hope's Windows.

ments to Hope's Windows on the remaining balance for the project.

Hope's Windows filed a lawsuit on November 6, 2009, in Chautauqua County, New York, against McClain, seeking payment of the remaining balance ($66,195.00), a service charge, and attorney's fees. Despite having been properly served and notified of the lawsuit, McClain did not respond, and a default judgment, ordering McClain to pay a total of $85,243.95 to Hope's Windows, was entered against him on March 29, 2010. Hope's Windows then filed a Petition for Registration of Foreign Judgment in Jackson County, Missouri. In response, McClain filed a Motion to Vacate Petition for Registration of Foreign Judgment, alleging, *inter alia*, that New York did not have personal jurisdiction over him, and, therefore, the default judgment should never have been entered.

The circuit court heard oral argument on the parties' claims and then entered judgment denying Hope's Windows's Petition for Registration of Foreign Judgment and granting McClain's Motion to Vacate Petition for Registration of Foreign Judgment. The judgment was limited to a discussion of the New York court's personal jurisdiction over McClain. Hope's Windows filed a Motion for Vacation and Amendment of Judgment and Alternative Motion for a New Trial. The motion was denied, and this appeal follows.

## Standard of Review

■ The determination of personal jurisdiction and a decision regarding registration of a foreign judgment are legal conclusions, and, as such, they are subject to de novo review. *Peoples Bank v. Frazee*, 318 S.W.3d 121, 127 (Mo. banc 2010). We defer to the circuit court's factual findings and will reverse the judgment only if it is not supported by substantial evidence, is against the weight of the evidence, or

erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Analysis

McClain was served with the New York lawsuit, and, upon his failure to file any responsive pleadings with the New York court, a default judgment was entered against him. Because the issue of personal jurisdiction was neither contested nor litigated in New York, McClain properly asserted his challenge for the first time in the Missouri court. *Peoples Bank*, 318 S.W.3d at 127.

Hope's Windows raises five points on appeal. First, it argues the circuit court misapplied the law in holding that the choice-of-law provision was "merely relevant," because such a provision is a "significant factor" in personal jurisdiction analysis under New York law. Second, it argues that the circuit court erred in using a subjective standard to determine that McClain could not have reasonably anticipated being hauled into a New York court in that "courts hold sophisticated parties to objective terms of their contracts," and, therefore, McClain, by agreeing to the choice-of-law provision and forum-selection clause, could have objectively—and reasonably—anticipated being hauled into a New York court. Third, it argues that the circuit court misinterpreted and misapplied the law in finding that McClain did not transact business in New York. Fourth, it argues the circuit court erred in shifting the burden of proof from McClain to Hope's Windows. And finally, it argues that the circuit court erred in holding that New York's exercise of personal jurisdiction over McClain violated due process. For the ease of discussion, we will consolidate Hope's Windows's points on appeal.

## I. The Jurisdictional Standard

■ The crux of Hope's Windows's points on appeal is that the circuit court erred in finding that the New York court lacked personal jurisdiction over McClain.

■ As a general rule, a plaintiff bears the burden to prove personal jurisdiction exists when it is challenged by a defendant in a pending lawsuit. *Peoples Bank*, 318 S.W.3d at 126. But "[w]hen the challenge to personal jurisdiction arises in the context of a motion to register a foreign judgment, ... the strong presumption of the validity of a foreign judgment that is regular on its face makes the general rule inapplicable." *Id.* "The burden to overcome the presumption of validity and jurisdiction must be met with 'the clearest and most satisfactory evidence,' and this burden lies with the party asserting the invalidity of the foreign judgment." *Id.* at 127 (quoting *Phillips v. Fallen*, 6 S.W.3d 862, 868 (Mo. banc 1999)). The New York judgment is regular on its face, and is, therefore, subject to a strong presumption of validity. *See id.* at 126.

■ Where a challenge to jurisdiction "arises in the context of a motion to register a foreign judgment, this Court must look to the rendering state's law—that is, [New York's] substantive law—to determine whether the [New York] court had personal jurisdiction over [McClain]." *Id.* at 127–28. A court considering registration of a foreign judgment may also consider federal law for the purpose of deciding whether the foreign state's exercise of personal jurisdiction contravenes the constitutional guarantee of due process. *See id.* at 128–29; *see also Aquiline Capital Partners LLC v. Finarch LLC*, 861 F.Supp.2d 378, 390–91 (S.D.N.Y.2012).[3]

■ While federal and New York law control as to the substantive issue of personal jurisdiction, the civil procedure rules of Missouri govern both the circuit court's proceeding and our review of the circuit court's judgment. *Peoples Bank*, 318 S.W.3d at 128. Under Missouri's procedural rules, the parties to an action seeking to register a foreign judgment "may present affidavits to supplement the pleadings 'or the court may direct that the matter be heard wholly or partly on oral testimony or deposition.'" *Id.* (quoting *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 4 (Mo. banc 1997)). In the present case, the evidence consisted of affidavits only; there was no oral testimony or depositions provided to the court. In our review, we look to the facts and circumstances found by the court addressing registration of the foreign judgment, rather than those found by the court that rendered the foreign judgment. *Id.* We do not defer to any jurisdictional facts found in the foreign judgment.[4] *Id.* The circuit court below was free to believe or disbelieve any statement in the affidavits provided by the parties, and "factual determinations are within the sole discretion of the circuit court"; therefore, we defer to the

---

**3.** Further, where, as here, the case turns on the enforcement of a forum-selection clause, and the contract includes a choice-of-law provision, the law chosen by the parties controls the interpretation of the forum-selection clause. *U.S. Bank Nat'l Assoc. v. Ables & Hall Builders*, 582 F.Supp.2d 605, 612 (S.D.N.Y.2008) (" '[W]e cannot understand why the interpretation of a forum[-]selection clause should be singled out for application of any law other than that chosen to govern the interpretation of the contract as a whole.' "

*(quoting Phillips v. Audio Active, Ltd.,* 494 F.3d 378, 386 (2d Cir.2007))).

**4.** In the present case, the default judgment contains limited jurisdictional findings and states only that McClain was duly served on November 23, 2009, and that additional notice was sent pursuant to the Civil Practice Law and Rules on December 29, 2009. It does not specifically address personal jurisdiction.

circuit court's factual findings. *Id.* As this motion was heard by the circuit court, we consider all factual issues upon which no specific findings were made to be found in accordance with the circuit court's judgment. *See* Rule 73.01(c); *see also, e.g., In re Marriage of Lathem,* 642 S.W.2d 694, 697 (Mo.App. S.D.1982) (finding that Rule 73.01(c) governs the review of a judgment following a hearing on a motion to revive a judgment).

After considering the record and competing affidavits presented by the parties, the circuit court found that McClain signed a contract, containing a New York choice-of-law and forum-selection clause, with Hope's Windows, in which Hope's Windows agreed to supply products for installation in McClain's Missouri property, and that McClain sent to Hope's Windows, at its New York address, a check for partial payment under the terms of that contract. The circuit court found that the contract was negotiated and executed in Missouri, that McClain never visited New York to meet with Hope's Windows, and that he did not have an ongoing contractual relationship with Hope's Windows. Using these facts, found by the circuit court, we will evaluate whether the New York court had personal jurisdiction over McClain.

## II. Effect of the Forum–Selection Clause

At the outset, we note that, although the circuit court found the contractual provision at issue to be a *forum-selection clause,* the court evaluated its effect on New York's personal jurisdiction over McClain according only to case law interpreting the effect of *choice-of-law clauses.* Thus, a brief discussion of the distinction between the two types of clauses is in order.

A choice-of-law clause identifies which jurisdiction's "law [is to] be used in

construing the contract." *Bouquette v. Suggs,* 928 S.W.2d 412, 414 (Mo.App. E.D. 1996). A forum-selection clause, on the other hand, "selects the venue in which a cause of action is to be tried." *Id.* at 413.

This distinction is vital to the outcome in this case, as each clause has a different effect on the determination of a court's personal jurisdiction over the parties. "While it is true that a choice-of-law provision is not, on its own, sufficient to convey personal jurisdiction over a defendant, the same cannot be said of a forum[-]selection clause." *Koninklijke Philips Elecs. v. Digital Works, Inc.,* 358 F.Supp.2d 328, 333 (S.D.N.Y.2005). "[B]y agreeing to [a] forum[-]selection clause ..., [a defendant] specifically consent[s] to personal jurisdiction over [him] in the courts of New York and thereby waive[s] any basis to dispute New York's jurisdiction." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Worley,* 257 A.D.2d 228, 690 N.Y.S.2d 57, 59 (1999). Indeed, "the 'very point' of forum[-]selection clauses, which render the designated forum convenient as a matter of law, is to avoid litigation over personal jurisdiction, as well as disputes arising over the application of the long-arm statute." *Sterling Nat'l Bank as Assignee of NorVergence, Inc. v. E. Shipping Worldwide,* 35 A.D.3d 222, 826 N.Y.S.2d 235, 237 (2006) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Williams,* 223 A.D.2d 395, 637 N.Y.S.2d 36, 38 (1996)).

Here, the circuit court's judgment extensively evaluated McClain's contacts with New York to determine whether the New York court had personal jurisdiction over McClain under New York's long-arm statute and whether the New York court complied with due process requirements in rendering judgment against McClain. While this analysis would have been proper in the face of a simple choice-of-law clause, it was wholly unnecessary in light

of the forum-selection clause contained in the contract between McClain and Hope's Windows. The provision at issue in this appeal involved both choice-of-law and forum-selection clauses. The choice-of-law portion required that "[a]ny dispute arising under th[e] agreement shall be . . . governed by the laws of the State of New York." The forum-selection portion required that "[t]he venue for any litigation under th[e] agreement . . . shall be in a court of competent jurisdiction in Chautauqua County in the State of New York."

■■■ Where the enforceability of a forum-selection clause is at issue, the proper approach for a court to take is to enforce the clause specifically, "unless [the challenging party] c[an] clearly show that enforcement would be unreasonable and unjust, or that the clause [i]s invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972). Additionally, "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision." *Id.*[5]

■■ A forum-selection clause is prima facie valid. *Boss v. Am. Express Fin. Advisors, Inc.,* 15 A.D.3d 306, 791 N.Y.S.2d 12, 14 (2005). Here, rather than arguing that the forum-selection clause was somehow invalid or unenforceable as contrary to public policy, McClain, the burden-carrying party, rested on the argument that, despite his signature and partial performance under its terms, he was not a party to the contract. The circuit court, in finding that one of McClain's contacts with New York was the fact that

he was a party to the contract containing a forum-selection clause, plainly rejected McClain's argument. In the absence of any evidence or argument by McClain that there was fraud, overreaching, or some other reason to invalidate the forum-selection clause, it should have been enforced. The trial court erroneously applied the law when it found that New York lacked personal jurisdiction over McClain under New York's long-arm statute and the due process clause based on insufficient minimum contacts, without first determining the effect of a valid forum-selection clause. *See U.S. Bank Nat'l Assoc. v. Ables & Hall Builders,* 582 F.Supp.2d 605, 615 (S.D.N.Y. 2008) ("Where an agreement contains a valid and enforceable forum[-]selection clause, it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process."). The forum-selection clause operated as a waiver of McClain's right to challenge the New York court's assertion of personal jurisdiction over him. Thus, the New York court had personal jurisdiction over McClain via the forum-selection clause. We therefore reverse the decision below and remand to the circuit court for the purpose of addressing McClain's other challenges to the petition to register the foreign judgment.

## Conclusion

Because the contract contained a New York forum-selection clause, the validity of which was not challenged by McClain, the New York court had personal jurisdiction over McClain when it entered a default judgment against him. The circuit court's determination to the contrary was incorrect as a matter of law. Thus, its judg-

---

5. We find it troubling, to say the least, that neither party directed this Court to the controlling federal or New York state cases discussing the distinction between choice-of-law

and forum-selection clauses and their respective effects on a subsequent challenge to personal jurisdiction.

ment denying Hope's Windows's petition to register the New York judgment and granting McClain's motion to vacate the petition is reversed and the case is remanded for further proceedings consistent with this opinion.

THOMAS H. NEWTON and LISA WHITE HARDWICK, Judges, concur.