

# Missouri Court of Appeals

## Southern District

### Division One

RAYDIANT TECHNOLOGY, LLC, )
)
        Appellant, )
)
   vs. )    No. SD32478
)
FLY-N-HOG MEDIA GROUP, INC., )    FILED: March 17, 2014
)
        Respondent. )

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Daniel W. Imhof, Judge

**<u>AFFIRMED</u>**

Fly-N-Hog, an Arkansas company, licensed software and equipment to Raydiant, a Missouri company. After significant product difficulties, Raydiant filed suit in Missouri, alleging that Fly-N-Hog fraudulently induced Raydiant to enter the contract. Fly-N-Hog successfully moved to dismiss, citing the parties' contractual agreement to litigate disputes in Arkansas. Raydiant appeals. We affirm.

**This Forum Selection Agreement**

The parties agreed in their contract:

- "that all actions or proceedings arising in connection with this Agreement shall be tried and litigated exclusively in the State and Federal courts located in the county of Sebastian, State of Arkansas";

- that this "choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between the parties with respect to or arising out of this Agreement in any jurisdiction other than that specified in this paragraph";

- and that each party waived any *forum non conveniens* or similar objection "and stipulate[d] that the State and Federal courts located in the County of Sebastian, State of Arkansas, shall have in personal [sic] jurisdiction and venue over each of them for the purpose of litigating any dispute, controversy, or proceeding arising out of or related to this Agreement."

After Fly-N-Hog moved to dismiss on this basis, the trial court allowed limited discovery relating thereto, then held an evidentiary hearing. Raydiant's principal, an experienced businessman, testified that he knew of the foregoing provisions and knew he was agreeing to litigate all disputes in Arkansas when he negotiated and signed the contract on Raydiant's behalf.

The trial court found that the contract reflected due consideration between experienced parties with comparable negotiating leverage, and that its forum selection provisions were neither unfair nor unreasonable and required Raydiant's claims to be litigated in Arkansas. The court dismissed Raydiant's case without prejudice. This appeal followed.[1]

---

[1] A dismissal without prejudice usually cannot be appealed since the claim can be refiled. This is an exception because the court's ruling, practically speaking,

## A Preliminary Matter - Choice of Law

Both parties cited Missouri case law in the trial court and did the same here. It was acknowledged at oral argument, however, that the contract expressly provides that it is governed by Arkansas law, such that we may need to consider that state's law instead.

Apparently, we must. "[W]here, as here, the case turns on the enforcement of a forum-selection clause, and the contract includes a choice-of-law provision, the law chosen by the parties controls the interpretation of the forum-selection clause." ***Hope's Windows, Inc. v. McClain***, 394 S.W.3d 478, 482 n.3 (Mo.App. 2013). Thus we look to Arkansas law, but would reach the same result under Missouri law.

## The Forum Selection Agreement is Enforceable

Like Missouri, Arkansas enforces forum selection clauses unless it is shown that to do so "would be unreasonable and unfair." ***Provence v. Nat'l Carriers, Inc.***, 360 S.W.3d 725, 729 (Ark. 2010).[2] The Arkansas Supreme Court in ***Provence*** considered, as in this case, "the validity of forum-selection clauses where fraud is generally pled as inducing the agreements ...." ***Id***. It held

> that in Arkansas a party like the appellants in the instant case must plead fraud in the inducement *of the forum-selection clause itself* to avoid its application. Generalized allegations of fraud

barred Raydiant from litigating in its chosen forum state. *See **Major v. McCallister***, 302 S.W.3d 227, 229 n.3 (Mo.App. 2009).

[2] Similarly, Missouri courts should honor forum selection clauses "unless it is unfair or unreasonable to do so." ***Major***, 302 S.W.3d at 229.

with respect to the inducement of the contract *as a whole*, as the appellants have made in the instant case, will not operate to invalidate a forum-selection clause.

*Id*. at 730 (emphasis added).

Likewise, Raydiant claims fraud in the inducement of the contract as a whole, not solely as to its forum selection clause, which is insufficient per **Provence**. Because Raydiant does not otherwise show unfairness or unreasonableness, we find no basis to reverse under Arkansas law.

Missouri law yields the same result. Raydiant's contention that these contract provisions do not reach a tort claim of fraud either overlooks or misreads our opinion in **Major**. There, a plaintiff alleged nonperformance of written representations, but couched her claims in tort terms (fraud, misrepresentation, etc.). We indicated that the essential issue is not one of tort vs. contract, but of contract interpretation – does the forum selection clause apply to or reach the subject claims? *See* 302 S.W.3d at 232.

Here, as in **Major**, it does. Raydiant's claims arise out of or are related to the contract, so they are within its forum selection clause.[3] Raydiant does not otherwise show unfairness or unreasonableness, as already noted, so we would enforce the forum selection clause under Missouri law as well.

---

[3] To reiterate, the contract's forum selection clause reaches "all actions or proceedings arising in connection with this Agreement ...," "litigation between the parties with respect to or arising out of this Agreement ...," and "any dispute, controversy, or proceeding arising out of or related to this Agreement."

## Discovery Complaint Cannot Be Reviewed

Lacking an adequate appellate record, we do not reach Raydiant's complaint that "the trial court entered a protective order which prohibited Raydiant from conducting discovery beyond the 'authenticity, accuracy and execution of [the contract].'"

The trial court's docket sheet cites only a 30-day protective order that expired months before the evidentiary hearing. Appellant has provided this court with an *unsigned* copy of a proposed protective order that is neither file stamped, nor mentioned in the docket sheet, nor as restrictive as portrayed by Appellant.[4]

Raydiant was obliged to provide a record sufficient for us to review its claims of error, *Coffman v. Coffman*, 300 S.W.3d 267, 271 n.3 (Mo.App. 2009), but has not done so in this instance. Judgment affirmed.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. – CONCURS

WILLIAM W. FRANCIS, JR., C. J. – CONCURS

---

[4] In addition to contract "authenticity, accuracy and execution" as quoted by Appellant, this order authorized discovery as to negotiation, revisions, drafts, and amendment of the contract and any other contracts executed by the parties.