

# In the
# Missouri Court of Appeals
# Western District

COMMUNITY FIRST BANK,

        **Respondent,**

v.

GREGG HANIFIN, et al.,

        **Appellants.**

**WD79251**

**OPINION FILED:**

**October 4, 2016**

**Appeal from the Circuit Court of Bates County, Missouri
The Honorable James K. Journey, Judge**

**Before Division One: Anthony Rex Gabbert, P.J., Thomas H. Newton, and Alok Ahuja, JJ.**

Gregg Louis Hanifin and Carys Mai Hanifin (hereinafter "Appellants") appeal the circuit court's judgment in favor of Community First Bank (hereinafter "Community") on Community's Petition for Deficiency Due Under Promissory Note. In Appellants' sole point on appeal, they argue that the trial court erred as a matter of law in awarding a deficiency judgment in respondent's favor because the trial court lacked subject matter jurisdiction over the deficiency claim in that: (i) the Florida foreclosure court reserved exclusive jurisdiction over any subsequent deficiency actions and (ii) the Florida court judgment is entitled to full faith and credit. We affirm.

## Factual Background

On or about September 6, 2006, BC National Banks of Butler, Missouri loaned Appellants the amount of $636,300.00 by promissory note ("the Note") identifying Appellants as the borrowers. The Note contains a choice of law provision which calls for the application of Federal law applicable to the Lender and, to the extent not preempted by federal law, the law of the State of Missouri without regard to its conflicts of law provisions. Specifically, the Note states that: "[t]his Note will be governed by federal law applicable to [l]ender and, to the extent not preempted by federal law, the laws of the State of Missouri without regard to its conflicts of law provision." The Note also provides that "[I]f there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Bates County, State of Missouri." The mortgage signed by the parties states that the Note and mortgage were applied for, considered, approved, made and accepted in the State of Missouri.

The Appellants defaulted in their obligation to BC Banks under the terms of the Note and on March 19, 2010, BC National Banks obtained a final judgment in foreclosure against Appellants in an equitable suit filed in Collier County, Florida circuit court. The Appellants were found liable to BC Banks for a total of $702,338.96, coupled with an interest rate of 6%. The Florida judgment court reserved jurisdiction of the cause for the purpose of making any and all further orders as may be necessary and proper, including deficiency judgments. BC National Banks took title to the Florida property at the foreclosure sale with a bid of $100.00.

On or about April 30, 2010, Community acquired the assets of BC National Banks from the Federal Deposit Insurance Corporation (the "FDIC"). Included in these assets were the rights to Appellant's loan, including the foreclosed Florida property. On or about October 6, 2010,

Community sold the property to a third party and netted proceeds of $258,476.13 from the sale. After this sale, there still remained an outstanding balance of $364,772.25 due to Community by Appellants. After adding interest, charges and fees advanced by Community, the full balance owed to Community as of April 16, 2015 totaled $582,686.02.

Five years later, on or about April 22, 2015, Community filed suit against Appellants in the circuit court of Bates County, Missouri seeking judgment on the Note and for the remaining balance due. Appellants filed a Motion to Dismiss for lack of subject matter jurisdiction and the motion was denied. Thereafter, Appellants filed their Answer asserting lack of subject matter jurisdiction as an affirmative defense while also arguing that the Florida foreclosure judgment prevented another court from exercising subject matter jurisdiction over the Respondent's suit for the balance on the Note. After a bench trial, the trial court entered judgment in favor of Community and ordered Appellants to pay the deficiency on the Note along with associated expenses totaling $593,474.19.

**Standard of Review**

Whether a judgment is void for lack of subject matter jurisdiction is a question of law that we review de novo. *Hope's Windows, Inc. v. McClain*, 394 S.W.3d 478, 481 (Mo. App. 2013). We defer to the circuit court's factual findings and will reverse the judgment only if it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Id*.

**Legal Discussion**

Section 702.06 of the Florida Statutes provides that: [i]n all suits for the foreclosure of mortgages heretofore or hereafter executed the entry of a deficiency decree for any portion of a deficiency, should one exist, shall be within the sound discretion of the court…the complainant

3

shall also have the right to sue at common law to recover such deficiency, unless the court in the foreclosure action has granted or denied a claim for a deficiency judgment.[1] Fla. Stat. § 702.06. In applying and analyzing Fla. Stat. § 702.06, Florida courts have consistently held that unless the foreclosure court has granted or has declined to grant a deficiency judgment, a plaintiff may pursue deficiency relief in a separate action in a foreign court. *See Garcia v. Dyck-O'Neal, Inc.*, 178 So. 3d 433, 436 (Fla. 3d DCA 2015). The Florida Court of Appeals has ruled that Fla. Stat. § 702.06 allows for a separate action to pursue a deficiency, notwithstanding the foreclosure court's reservation in its final judgment to consider a deficiency. *Garcia*; *Dyck-O'Neal, Inc. v. Weinberg*, 190 So. 3d 137 (Fla. 3d DCA 2016); *Dyck-O'Neal, Inc. v. Beckett*, 41 Fla. L. Weekly D 1551 (Fla. 5d DCA 2016) (finding that, although the foreclosure trial court reserved jurisdiction to award a deficiency judgment, if appropriate, the party who was assigned the note was permitted to file a separate action at law against the defendant to recover the remaining deficiency judgment in a court foreign from the foreclosure court). Further, in cases where the parties have contractually agreed to a selected forum, the parties consent to personal jurisdiction in the selected forum and waive any basis to dispute that forum's jurisdiction.

Precedent explicating Fla. Stat. § 702.06 clearly establishes that a mortgage creditor reserves two options when seeking to collect a deficiency after a foreclosure judgment has been entered; the creditor may either pursue the deficiency in the foreclosure court, or pursue the deficiency in a foreign court. Hence, Appellants' claims on appeal have no merit. Although the Collier County, Florida court originally reserved jurisdiction to enter any further orders,

---

[1] "Generally, the preclusive effect of a judgment is determined by the law of the jurisdiction in which the judgment was rendered." *Walters Bender Strobehn & Vaughan, P.C. v. Mason*, 397 S.W.3d 487, 494 (Mo. App. W.D. 2013) (citations omitted).

4

Community's petition for deficiency filed in Missouri was permissible because the foreclosure court did not rule on the deficiency issue.

To support their argument that Missouri courts must recognize the Florida court's jurisdiction as exclusive, Appellants reference various Missouri holdings relating to exclusive jurisdiction by foreign courts, specifically citing *L & L Wholesale, Inc. v. Gibbens*.[2] *L & L Wholesale* held that a Colorado court's determination establishing subject matter jurisdiction was due full faith and credit and the issue was precluded from relitigation because the appellant had raised the defense of lack of subject matter jurisdiction, and the issue was litigated, a final judgment on the issue was entered, and the appellant chose not to appeal the matter in the foreign court. *L & L Wholesale* is clearly distinguishable from the case at hand. Here, the issue of Community's right to a deficiency judgment, and the amount of any such judgment, were never litigated in the Florida court, and thus, there is no ruling on any substantive issue by the Florida court to which the circuit court failed to give full faith and credit.

Further discounting the Appellants argument that the Bates County, Missouri trial court lacked subject matter jurisdiction is the fact that they agreed to and signed the mortgage contract within the Note which featured a forum selection clause.[3] By consenting to the forum selection clause in the mortgage, the Appellants consented to Bates County, Missouri jurisdiction and waived any basis to dispute Bates County's jurisdiction.[4]

---

[2] 108 S.W.3d 74 (Mo. App. 2003).

[3] The Forum Selection Clause explicitly provides that: "[I]f there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of Bates County, State of Missouri."

[4] Appellants also suggest that jurisdiction in a Missouri court is inappropriate, because Missouri's substantive law concerning the calculation of deficiency judgments differs from Florida's. The note and mortgage in this case specifically provide that Missouri law would apply to substantive issues arising thereunder, unless preempted by federal law. A choice-of-law clause in a contract identifies which jurisdiction's law is to be used in the event a legal issue arises. *Hope's Windows, Inc. v. McClain*, 394 S.W.3d at 483.

We conclude, therefore, that the judgment by the Collier County, Florida court did not preclude the Bates County, Missouri circuit court from exercising subject matter jurisdiction over Community's deficiency claim. The Florida court did not rule on the deficiency issue and, despite the Florida court reserving jurisdiction to rule on further actions, this did not prevent Community from filing a separate deficiency action in a foreign court. Additionally, Appellants contractually agreed to Missouri jurisdiction by signing the forum selection clause, thereby waiving their right to contest jurisdiction. We affirm the circuit court's judgment.

_____
Anthony Rex Gabbert, Judge

All concur.